J-A28032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SCOTT P. SIGMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GEORGE BOCHETTO, GAVIN P. LENTZ AND BOCHETTO & LENTZ, P.C. | |
| Appellees | No. 1009 EDA 2014 |

Appeal from the Order Entered March 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2011 No. 2534

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 09, 2014**

Scott Sigman appeals from the trial court's order overruling his preliminary objections to the counterclaims of Bochetto & Lentz, P.C. ("the law firm").  We quash this appeal.

From July 5, 2005 through March 6, 2009, Sigman was employed as an associate attorney at the law firm.  During Sigman's employment, he breached his fiduciary duties by stealing money from clients, the firm and third parties.  The Office of Disciplinary Counsel filed charges against Sigman, and the Supreme Court suspended him from the practice of law for 30 months.

On February 26, 2009, Sigman and the law firm entered into an agreement both to terminate Sigman's employment and provide Sigman with referral fees for the cases that he worked on or played a role in

generating at the law firm. The agreement provided that each party "agrees to indemnify and hold the other harmless from and against any claim or liability that may result from each party's past acts, conduct or practices." The agreement also provided an arbitration clause that "[i]n the event the parties have any dispute or disagreement, they shall submit same to Harris Bock [(arbitrator)] for final and binding mediation."

On June 27, 2011, Sigman filed an action against the law firm and individual defendants Bochetto and Lentz for breach of contract and unjust enrichment and sought to recover fees owed to him under the terms of the termination agreement. On July 19, 2011, Sigman filed an amended complaint. The law firm filed preliminary objections to the amended complaint asserting that Sigman's claims were subject to arbitration under the arbitration clause. On August 22, 2011, the trial court sustained the firm's preliminary objections and ordered the transfer of Sigman's breach of contract claim to arbitration.

The parties conducted discovery followed by two days of arbitration hearings. The firm stipulated during these proceedings that but for Sigman's malfeasance as an employee of the firm, he was entitled to $227,350.03 in referral fees. The firm also claimed, however, that Sigman was liable to the firm for attorney fees that the firm allegedly incurred during Sigman's disciplinary proceedings – specifically, "in-house" attorney fees of

$69,590.00 and "outside" attorney fees of $52,669.70, a total of $132,259.70.

On June 19, 2013, the arbitrator issued an interlocutory decision that Sigman engaged in multiple violations of his fiduciary obligations to the firm and its clients but nonetheless was entitled to a portion of these referral fees under the termination agreement. As to the firm's claim for attorney fees, the arbitrator found "that the fees with respect to the disciplinary matter are outside the scope of the Termination Agreement and are denied."

On June 24, 2013, the arbitrator entered a final award in favor of Sigman in the amount of $123,942.92, significantly less than the amount requested by Sigman.

At this point, the law firm took two steps. **First**, on July 2, 2013, the law firm filed a motion to vacate the arbitration award on the basis that public policy barred Sigman from any recovery due to his violations of the Rules of Professional Conduct and his unethical attorney misconduct. On August 6, 2013, the trial court entered an order denying the firm's motion to vacate[1]. **Second**, on July 19, 2013, the law firm filed an answer, new matter and counterclaims to the amended complaint. The first counterclaim,

---

[1] On August 8, 2013, the law firm filed an appeal in this Court at 2349 EDA 2013 from the order denying the motion to vacate. On June 19, 2014, a panel of this Court affirmed the trial court's order. On August 20, 2014, this Court denied the law firm's application for reargument. On September 18, 2014, the law firm filed a petition for allowance of appeal in the Supreme Court at 471 EAL 2014. This petition is awaiting decision.

entitled "Breach of Contract," alleged that Sigman was liable under the indemnification clause of the February 26, 2009 agreement for the same attorney fees that the firm demanded, but was not awarded, during arbitration proceedings. Counterclaim, ¶¶ 82-85. The second counterclaim, entitled "Equitable Indemnification," alleged that Sigman violated his fiduciary duty to the law firm by committing serious ethical breaches, stealing the law firm's clients and other malfeasance. *Id*., ¶¶ 87-91.

On December 31, 2013, Sigman filed preliminary objections to the law firm's answer, new matter and counterclaims. He requested the court to dismiss the counterclaims under the doctrine of res judicata, because "every claim raised by defendant law firm in its counterclaim previously was raised and litigated during the court[-]ordered arbitration." Sigman's Preliminary Objections To Law Firm's Answer, New Matter and Counterclaims, ¶¶ 28-29. Sigman also requested the court to dismiss the counterclaims with prejudice under the law of the case doctrine and coordinate jurisdiction rule. He argued:

> [I]t was defendants who specifically requested that all claims be resolved by arbitration when they filed their preliminary objections on July 26, 2011...Thus, when this Court entered its August 22, 2011 order, the issue of whether all disputes between Mr. Sigman and defendant law firm should be settled via arbitration was fully litigated and became not only subject to the law of the case doctrine but also the coordinate jurisdiction rule. As such, any attempt to relitigate this issue or to present any dispute between Mr. Sigman and defendant law firm in the

> court of common pleas is precluded based upon the law of the case and the coordinate jurisdiction rule.

Sigman's Preliminary Objections To Law Firm's Answer, New Matter and Counterclaims, ¶¶ 32-33. Notably, Sigman did not request an alternative remedy to dismissal – that is, he did not ask the court to transfer the counterclaims to the arbitrator in the event it declined to dismiss the counterclaims with prejudice. To the contrary, Sigman argued that this dispute should not go back to arbitration. *Id*., ¶ 31 ("Because all of these disputes previously have been arbitrated before [the arbitrator], there is no reason to send them to be re-litigated for a second time. Instead, defendant law firm's counterclaim should be dismissed with prejudice").

On March 19, 2014, the trial court overruled Sigman's preliminary objections to the law firm's answer, new matter and counterclaims. On March 24, 2014, Sigman filed a notice of appeal. On April 9, 2014, without requesting Sigman to file a statement of matters complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion recommending that this Court quash Sigman's appeal as interlocutory.

Sigman's brief on appeal raises different arguments than his preliminary objections in the trial court. Instead of seeking dismissal of the counterclaims with prejudice, as he did in the trial court, he now argues that

this Court should reverse the trial court's order and transfer the counterclaims to the arbitrator[2].

A court may raise the issue of subject matter jurisdiction at any time. *LeFlar v. Gulf Creek Industrial Park # 2*, 515 A.2d 875, 879 (Pa.1986). Exercising this authority, we conclude that we lack subject matter jurisdiction over this appeal, because the trial court's order overruling Sigman's preliminary objections is a non-appealable interlocutory order.

Pennsylvania Rule of Appellate Procedure 311 enumerates 14 categories of interlocutory orders which are appealable as of right. Under

---

[2] The principal heading for Sigman's argument is: "AS THE TRIAL COURT ERRED IN OVERRULING MR. SIGMAN'S PRELIMINARY OBJECTIONS, [THE LAW FIRM'S] COUNTERCLAIM SHOULD BE SENT TO BINDING ARBITRATION."

Sigman divides this argument into three subsections:

    I.     The Trial Court's Order Should Be Reversed And This Case Should Be Transferred To Binding Arbitration Because B&Lts Counterclaim Literally Is A Breach Of Contract Action Alleging Breach Of The Indemnification Clause Contained Within The Termination Agreement And Is Subject To The Arbitration Clause Contained Within The Agreement

    II.    The 'Law Of The Case' Dictates That The Trial Court's Order Should Be Reversed And This Case Should Be Transferred To Binding Arbitration

    III.   Judicial Efficacy And Fairness Support Transferring This Case To Binding Arbitration.

Brief For Appellant, pp. 14-28.

Rule 311(a)(8), an order overruling preliminary objections seeking to compel arbitration is appealable as of right. **Thibodeau v. Comcast Corp.**, 912 A.2d 874, 877 n. 2 (Pa.Super.2006). Sigman contends in his notice of appeal and appellate brief that the trial court's order is appealable under Rule 311(a)(8).

We disagree. All that Sigman requested in his preliminary objections below was dismissal of the law firm's counterclaims with prejudice. He did not file preliminary objections requesting transfer of the counterclaims to arbitration. Consequently, the trial court's order was *only* a denial of Sigman's request to dismiss the counterclaims with prejudice. This order was *not* a denial of a request to compel arbitration. Thus, it was not appealable under Rule 311(a)(8); nor do we know of any other rule which made this interlocutory order appealable as of right.

Had Sigman filed preliminary objections seeking transfer of the counterclaims to arbitration, an order overruling such objections might well have been appealable under Rule 311(a)(8). Sigman, however, did not take this step below. Although he now argues belatedly on appeal that this Court should transfer the counterclaims to arbitration, he cannot request a remedy on appeal that he did not first request below. **Cf. Majorsky v. Douglas**, 58 A.3d 1250, 1259 (Pa.Super.2012) (in appeal from order granting summary judgment, appellant may not raise argument that he did not make in trial court).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2014